UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSHUA MOORE,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

C.R. No. 18-110-JJM-PAS-2

ORDER

I. BACKGROUND

In late 2019, Petitioner Joshua Moore pleaded guilty before this Court to one count of Conspiracy to Distribute and Possession with Intent to Distribute 28 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and b(1)(B) and § 846; and three counts of Distribution of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and b(1)(C) and 18 U.S.C. § 2 and *Pinkerton v. United States*, 328 U.S. 640 (1946). ECF No. 76 at ¶ 1. The conspiracy count carries a five-year mandatory minimum term of incarceration. *Id.* at ¶ 99. In pleading guilty, Mr. Moore admitted to acting as a cocaine base seller in a narcotics distribution conspiracy that was run out of the State of Rhode Island's Adult Correctional Institutions ("ACI"). *See id.* at ¶¶ 9-18. Mr. Moore was indicted following transactions with an undercover law enforcement officer in Pawtucket, Rhode Island. *Id.* at ¶¶ 14-18. At the time of the federal indictment, Mr. Moore was serving a sentence in the ACI for violating the terms of his state parole. *Id.* at ¶¶ 1, 46. Days after the indictment, this Court ordered Mr. Moore detained. ECF No. 18, 27. Approximately eight months later, Mr. Moore was

1

released from state custody and transferred to federal custody. ECF No. 76 at ¶¶ 1-3, 46.

Prior to sentencing, United States Probation and Pretrial Services ("U.S. Probation") prepared a detailed 29-page Presentence Investigation Report ("Report"). ECF No. 76. In preparing its Report, U.S. Probation interviewed Mr. Moore in the presence of counsel. *Id.* at ¶ 63. Additionally, Mr. Moore's brother verified information for the personal history section of the Report. *Id.* Information for the Report was also corroborated by Defendant's juvenile records file and medical records from the ACI. *Id.* at ¶¶ 63, 78.

At sentencing, the Court asked Mr. Moore whether he had received a copy of the Report, had had the opportunity to review the Report with counsel, and whether counsel had answered all of Mr. Moore's questions pertaining to the Report; Mr. Moore answered in the affirmative. ECF No. 91 at 2-3 (02:18-03:02). This Court sentenced Mr. Moore to a period of incarceration of 60 months to be followed by four years of supervised release. ECF No. 86 at 2, 3. Mr. Moore did not direct appeal his conviction. ECF No. 146 at 3.

Mr. Moore lodged a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging the computation of his sentence and requesting that he be credited the approximately eight months he served at the ACI on an unrelated state sentence.[1]

---

[1] Notwithstanding that the Bureau of Prisons has sole discretion in the calculation of an inmate's period of incarceration, the Court lacks jurisdiction over Mr. Moore's habeas filing, as Mr. Moore is serving his sentence at the United States Penitentiary Beaumont, Texas. This Court transferred Mr. Moore's filing to the U.S. District Court for the Eastern District of Texas. 1:21-cv-00293-JJM-PAS.

See 1:21-cv-00293-JJM-PAS, ECF No. 1 at ¶ 5. Mr. Moore also docketed two filings captioned as Motions to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (1:18-cr-00110-JJM-PAS-2, ECF No. 146, 149).[2] Mr. Moore appears to argue that U.S. Probation's Report did not contain his "entire psych history," ECF No. 146 at 7, and if it had, his "sentence . . . would have been decide[d] different[ly]." [3] *Id.* at 5. Mr. Moore's second § 2255 filing[4] ("Motion to Amend") submits an additional argument that Mr. Moore be resentenced under the Smarter Sentencing Act of 2021, a bill that has not been enacted by Congress. [5] *See* S. 1013, 117th Cong. §§ 1-5 (2021); ECF No. 149 at 4.

The Court DENIES ECF No. 146, ECF No. 149, and ECF No. 152.

---

[2] All ECF citations hereafter refer to 1:18-cr-00110-JJM-PAS-2.

[3] Mr. Moore also submits that he has been experiencing a mental health issue and, because – in his appraisal – the Report lacks his full psychiatric history, correctional personnel are missing information critical to Mr. Moore's alleged condition; Mr. Moore also asserts that if the Report had contained his full psychiatric history, Mr. Moore could have been "placed in a possible medical facility." *See* ECF No. 146 at 5, 7, 17. Notwithstanding that facility assignment is solely within the discretion of the Bureau of Prisons, if an inmate does not believe that he or she is receiving constitutionally protected medical care, an inmate may consider filing a civil rights action under 42 U.S.C § 1983 in the jurisdiction where the inmate is incarcerated.

[4] Though the docketing text reads: "Motion for Retroactive Application of Sentencing Guidelines under 18 USC 3582," Mr. Moore's Motion is captioned: "MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY." *See* ECF No. 149. The Court reviews this filing in the § 2255 context and construes the filing as a Motion to Amend. ECF No. 149.

[5] Mr. Moore rehashes this argument in a subsequent filing docketed as: "MOTION for Release from Custody" (ECF No. 152), which the Court denies.

## II. STANDARD OF REVIEW

A petitioner may seek post-conviction relief on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . .." 28 U.S.C. § 2255(a). The last prong encompasses "assignments of error that reveal 'fundamental defect[s]' which, if uncorrected, will 'result[ ] in a complete miscarriage of justice,' or irregularities that are 'inconsistent with the rudimentary demands of fair procedure.'" *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

Generally, § 2255 motions must be filed within a year of a final judgment or else they are time-barred. *See* 28 U.S.C. § 2255(f); *Ramos-Martinez v. United States*, 638 F.3d 315, 320-21 (1st Cir. 2011). A court may extend the one-year deadline, but only where "'circumstances beyond the litigant's control have prevented . . . prompt[] filing.'" (citation omitted). *Id.* at 322. A petitioner "'must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 323 (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

"In general, when a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion." *See* 3 Charles A. Wright et al., Federal Practice & Procedure § 637 (4th ed. 2010).

4

### III. DISCUSSION

In Petitioner's criminal case, judgment was docketed in November of 2019 and became final shortly thereafter. *See* ECF No. 86. Applying the one-year general rule, Mr. Moore's motions are many months delayed. Mr. Moore has not demonstrated that circumstances beyond his control prevented timely filing, such that the Court would be inclined to engage in equitable tolling. *See Ramos-Martinez*, 638 F.3d at 322. Mr. Moore has made passing reference to facility lockdowns as a reason for his delay. *See* ECF No. 146 at 9. This does not constitute an "extraordinary circumstance" that prevented timely filing, particularly considering Mr. Moore having been in possession of the Report well prior to sentencing. *See* ECF No. 91 at 02:18-03:02; *Ramos-Martinez*, 638 F.3d at 323. Mr. Moore has not demonstrated by way of the record diligent pursuit of his rights in the intervening period. *See Ramos-Martinez*, 638 F.3d at 323.

Mr. Moore's filings are, thus, time barred.

### IV. CONCLUSION

Therefore, the Court DENIES

1. Mr. Moore's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 146),

2. ECF No. 149, and

3. "MOTION for Release from Custody" ECF No. 152.

IT IS SO ORDERED

/s/ John J. McConnell, Jr.
_____
John J. McConnell, Jr.
Chief Judge
United States District Court

August 11, 2021